IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KELVIN WARREN,

    Plaintiff,

vs.

MARK CROSBY; Sgt. MARTIN;
FNUK GLASS; FNUK ANDERSON;
ROBERT SMITH; R. SMITH; GREG
DOUBERLY; FNUK HENDERSON;
GEORGE ROBBINS, Nurse; FNUK
ROBERSON; Nurse BECKY; FNUK
THOMPSON, and Dr. THOMAS
FERRELL,

    Defendants.

CIVIL ACTION NO. CV504-085

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement while he was incarcerated at Ware State Prison. Defendants Robert Smith, Douberly, George Robbins, Becky Lowman, and Ferrell ("Defendants") filed a Motion for Summary Judgment. Plaintiff filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he placed a cup in the commode in his cell and flushed the commode until his cell flooded with water. As a result, Plaintiff asserts that Defendants Smith and Douberly assaulted him. Plaintiff contends that he received injuries as a result of this incident. Plaintiff alleges that Defendants Robbins, Lowman, and Ferrell were

deliberately indifferent to his serious medical needs because they would not provide him with medical care. Plaintiff contends that Defendants Smith, Douberly, and Robbins acted as they did because Plaintiff is black.

Defendants aver that, after Plaintiff flooded his cell, the Corrections Enforcement Response Team ("CERT") was called to Plaintiff's cell. Defendants assert that Plaintiff refused to allow his handcuffs to be removed and stepped through the cuffs so that they were in front of him. Defendants contend that the CERT was instructed to move Plaintiff to another cell and place him in a stripped cell on fifteen minute watch status. Defendants also contend that Plaintiff was examined by medical staff, who determined that Plaintiff had a small cut on his lower lip. Defendants assert that this injury is not enough to establish a constitutional violation, considering that Plaintiff struggled with CERT officers and refused to obey orders. Defendants Smith, Douberly, and Robbins contend that Plaintiff cannot establish that his equal protection rights were violated.

## **STANDARD OF DETERMINATION**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury

2

or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

I.   **Excessive Force Claims**

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show

AO 72A
(Rev. 8/82)

that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed.2d 811 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed.2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Defendants Smith and Douberly contend that it is "impossible to find" that they did not "act with a good faith motive to restore discipline." (Defs.' Br., p. 5.) Defendants Smith and Douberly assert that Plaintiff flooded his cell, refused to follow orders, and struggled with officers. Defendants Smith and Douberly allege that they reasonably perceived that Plaintiff was a threat to maintaining order, and the amount of force used was necessary to restore order. Defendants Smith and Douberly also allege that Plaintiff received a small cut to his lip as a result of this incident.

Plaintiff asserts that the CERT was called to his cell after he flooded it and after he had been placed in handcuffs. Plaintiff contends that the CERT subjected him to an unreasonable amount of pain by "bustin[g his] nose, [breaking] two of [his] teeth, and bust[ing his] lower lip." (Resp., p. 3.) Plaintiff alleges that Defendants have failed to come forth with the videotape of this incident to prove their innocence and that it would be

4

improper for a court to grant summary judgment for the Defendants since he is untrained in the law.

The evidence before the undersigned indicates that Plaintiff flooded his cell, refused to allow staff to take off his handcuffs, and stepped through the handcuffs so that his arms were in front of him. Plaintiff also refused all orders, and the CERT performed a cell extraction. Plaintiff received a cut to his lower lip and experienced some bleeding as a result of this incident. Plaintiff was escorted to the medical unit, and Defendant FNUK George examined and treated him. (Defs.' Exs. A-B.) Plaintiff's bare assertions to the contrary of Defendants Smith's and Douberly's account of this incident are insufficient to create a genuine issue of material fact as to whether these Defendants subjected him to the use of excessive force. See FED. R. CIV. P. 56(e) (stating that when a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading). Accordingly, Defendants Smith and Douberly should be granted summary judgment on this ground.

## II.  Deliberate Indifference Claim

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994).

5

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995). However, it is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).

6

AO 72A
(Rev. 8/82)

Defendants Robbins, Lowman, and Ferrell contend that Plaintiff did not have a serious medical need. These Defendants assert that Plaintiff received a small cut to his lower lip. These Defendants also assert that Plaintiff received proper medical treatment for this injury.

The evidence before the undersigned reveals that Plaintiff received a small cut to his lower lip and that he received proper medical treatment for this small cut. (Defs.' Ex. B.) Plaintiff has submitted nothing which creates a genuine issue of material fact as to whether Defendants Robbins, Lowman, and Ferrell were deliberately indifferent to his medical needs, serious or minor. Thus, Defendants Robbins, Lowman, and Ferrell should be granted summary judgment on this ground.

### III.    Equal Protection Claim

In order to state an equal protection claim, a plaintiff must show "that (1) he is similarly situated with other prisoners who are receiving more favorable treatment; and (2) the discriminatory treatment is based upon a constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted).

Defendants Smith, Douberly, and Robbins allege that Plaintiff has not shown that he is similarly situated with other prisoners who are receiving more favorable treatment. These Defendants also allege that Plaintiff has not shown that these Defendants discriminated against him. (Defs.' Br., pp. 9-10.) Plaintiff has failed to come forth with any evidence to create a genuine issue of material fact as to whether Defendants Smith, Douberly, and Robbins violated his equal protection rights. Defendants Smith, Douberly, and Robbins should be granted summary judgment on this ground.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Robert Smith, Douberly, Robbins, Lowman, and Ferrell (Doc. No. 30) be **GRANTED** and that Plaintiff's claims against these Defendants be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)