IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KELVIN WARREN,

   Plaintiff,

vs.

MARK CROSBY; Sgt. MARTIN;
FNUK GLASS; FNUK ANDERSON;
R. SMITH; FNUK HENDERSON;
FNUK ROBERSON, and FNUK
THOMPSON,

   Defendants.

CIVIL ACTION NO. CV504-085

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. On December 8, 2005, Defendants Crosby, Martin, Glass, S. Henderson, Roberson, and Thompson ("Defendants") filed a Motion for Summary Judgment.[1] (Doc. No. 41.) The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by December 31, 2006. (Doc. No. 43.) That Notice further advised Plaintiff that:

 1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

 2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

---

[1] In an Order dated December 5, 2005, the Court granted summary judgment in favor of Defendants R. Smith, Douberly, Robbins, Ferrell, and Nurse Becky. (Doc. No. 39.)

AO 72A
(Rev. 8/82)

3.  If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

Plaintiff asserts that prison officials attacked him after he flooded his cell by placing a cup in the toilet. Plaintiff avers that, after the attack, prison officials denied him medical care and placed him in constitutionally inadequate living conditions. Plaintiff avers that prison officials committed this act because he is black.

Defendants contend that Plaintiff cannot support his eighth Amendment excessive force claims or his deliberate indifference to his serious medical needs claims. Defendants aver that they are also entitled to qualified immunity. Defendants assert that Plaintiff fails to satisfy the necessary requirements to prove his equal protection claims

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The Court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury

2

or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY[2]

### I. Plaintiff's Eighth Amendment Excessive Force Claims

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite

---

[2] Defendants' counsel did not address Plaintiff's Due Process claims or allegations of unsafe living conditions in violation of the Eighth Amendment made against Defendant Crosby. These claims are not addressed in this Report and Recommendation. See October 28, 2004 Order.

3

AO 72A
(Rev. 8/82)

parts: an objective and a subjective component. <u>Sims v. Mashburn</u>, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. <u>Id.</u> at 321, 106 S. Ct. at 1085.

It is not necessary that a correctional officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, "an officer who is present at the scene and who fails to take reasonable steps to protect [a] victim of another officer's use of excessive force can be held liable for his nonfeasance." <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1301 (11th Cir. 2002) (citing <u>Fundiller v. City of Cooper</u>, 777 F.2d 1436, 1442 (11th Cir. 1985)).

Defendants contend that they used only the force necessary to restore discipline after they were reasonably threatened by Plaintiff's actions. Defendants assert that Plaintiff suffered only minor injuries. Plaintiff alleges that Defendants Glass, Henderson, and Thompson violated his Eighth Amendment right against cruel and unusual punishment

4

by attacking him.³  Plaintiff avers that Defendants Crosby and Martin failed to protect Plaintiff from the attack.

Based on the evidence of record, Defendants' actions were not inappropriate under the circumstances.  After Plaintiff flooded his cell, the Corrections Enforcement Response Team ("C.E.R.T.") was instructed to move him to another cell.  (Doc. No. 41, Def. Ex. A.)  However, Plaintiff was uncooperative, refused to have his handcuffs removed, and stepped through his handcuffs so that they were in front of him.  Id.  Subjectively, Defendants were justified to interpret Plaintiff's actions as hostile.  Under the objective prong, the evidence indicates that Defendants acted with good faith in restoring order and discipline.  An affidavit by Defendant Ferrell, a doctor assigned to Ware State Prison, indicated that Plaintiff suffered only a small laceration to his lower lip.  (Id., Def.'s Ex. B.)  The evidence submitted by Defendants leads to the conclusion that they only exercised the force necessary to subdue Plaintiff and restore order after his actions.

Although Defendants' Counsel did not directly address Plaintiff's nonfeasance claims against Defendants Crosby and Martin, the Court construes the lack of evidence regarding Plaintiff's excessive force claims as equally unsupportive of his nonfeasance allegations.  Plaintiff failed to respond to Defendants' Motion for Summary Judgment and did not provide any evidence to refute their presentation of the evidence.  No genuine issue of material fact exists regarding Plaintiff's claims of unconstitutional excessive force and nonfeasance.

---

³ Plaintiff also accused Defendants R. Smith, Douberly, and Thompson of participating in this alleged attack.  In a Report and Recommendation dated October 25, 2005, the undersigned recommended that the Motion for Summary Judgment filed by these Defendants be granted on the excessive force claims.  (Doc. No. 37.)  The Court adopted this Report as the opinion of the Court on December 5, 2005.  (Doc. No. 39.)

II.  **Plaintiff's Eighth Amendment Medical Indifference Claim**

The Eighth Amendment also imposes a constitutional duty which forbids prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). Like any deliberate indifference claim, an objective and a subjective component are incorporated. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a layperson [sic] would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Plaintiff alleges that Defendant Roberson failed to provide medical care. Defendants contend that they did not exhibit a deliberate indifference to Plaintiff's medical needs.

6

Defendants aver that Plaintiff received proper treatment for a laceration to his lower lip.

Plaintiff fails to establish a genuine issue of material fact regarding a deliberate indifference to his serious medical needs. According to the evidence of record, Plaintiff suffered a minor laceration to his lip. Defendant Ferrell's affidavit states that he treated Plaintiff's injury after the alleged excessive force incident. (Id., Def.'s Ex. B.) Plaintiff has presented no evidence that any of the Defendants deliberately delayed his medical care, and he cannot satisfy either the objective or subjective elements of his claim. Summary judgment should be granted to Defendants on this ground.

### III. Plaintiff's Equal Protection Claims

In order to establish an equal protection claim, "a plaintiff must demonstrate: (1) 'that he is similarly situated with other prisoners who received' more favorable treatment; and (2) that the discriminatory treatment is based on a constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citing Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-22 (11th Cir. 1986)).

Plaintiff's failure to respond to the motion for summary judgment leaves his allegations of discriminatory treatment unsupported by the evidence of record. Plaintiff has presented no evidence that he is similarly situated with other prisoners who are receiving more favorable treatment. Plaintiff's equal protection claim fails on both prongs of the equal protection analysis; thus, summary judgment should be granted to the Defendants on this claim.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment (Doc. No. 41) filed by Defendants Crosby, Martin, Glass, Henderson, Roberson, and Thompson be **GRANTED**. Plaintiff's due process and unconstitutional living conditions claims against Defendant Crosby would remain pending.

**SO REPORTED** and **RECOMMENDED**, this 7th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)